IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAMION DAVIS, :
:
      Plaintiff :
:   CIVIL NO. 3:CV-15-144
v. :
:   (Judge Conaboy)
DAUPHIN COUNTY PRISON, :
:
      Defendant :

FILED
SCRANTON
JAN 2 6 2015
PER _____
DEPUTY CLERK

### MEMORANDUM
### Background

Damion Davis, an inmate presently confined at the Dauphin County Prison, Harrisburg, Pennsylvania initiated this pro se civil rights action. Named as sole Defendant is the Dauphin County Prison. Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 2. The Complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Plaintiff indicates that his legal mail has been withheld and opened outside of his presence by unidentified prison officials. See Doc. 1, ¶ IV. He adds that mail sent to him by a family member was either sent back or delivered two weeks late. The Complaint next contends that Plaintiff has been working in the prison 12

1

hours a day, 7 days a week without payment or time off. Furthermore, he is allegedly not allowed to say his Muslim prayers 5 times a day with other prisoners but rather is only allowed pray with other prisoners on Fridays.

Plaintiff next asserts that because prison officials previously lost two urine samples which he submitted, he refuses to provide further samples. The Complaint explains that Plaintiff suffers from a medical problem which makes urinating difficult[1] and therefore he has been improperly issued disciplinary charges for failing to provide urine samples which has resulted in imposition of terms of disciplinary segregation. Davis further maintains that his laundry has disappeared from the prison laundry and his cell is cold. Plaintiff seeks monetary damages for each day that he has been in jail without seeing a Judge and for lost personal property as well as injunctive relief.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319,

---

[1] Accompanying the Complaint is a statement by Plaintiff indicating that he recently developed a medical problem which has limited his ability to urinate to approximately once a day. Davis indicates that he has not yet been provided with adequate medical care for that condition.

327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

As previously noted, the only Defendant named by Davis is the Dauphin County Prison. A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

Similarly, a prison or correctional facility is not a person

3

within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to the above standards, the Dauphin County Prison is clearly not a person and may not be sued under § 1983. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman, 904 F.2d at 195 n. 3. Davis, if he so chooses, may reassert his present claims against any Dauphin County Prison official who subjected him to unconstitutional treatment. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 26 , 2015